IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RONALD CONNER, #74007**                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 4:04CV174LN**

**SANDRA ATWOOD, CHRIS BUCKALEW**
**and LT. D. JOHNSON**                                       **DEFENDANTS**

### OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William Hammack. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, Ronald Conner, claims that medical personnel at the East Mississippi Correctional Center refused to treat him. In particular, he claims that he had two pieces of metal in his neck from an injury before he was incarcerated. Conner says that the metal caused him to spit up blood. Apparently, he was a frequent

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

visitor to the infirmary, and, at some point, Atwood refused to see him again. Conner alleges that Defendant Buckalew told him that he would only be seen in the clinic if he was "covered with blood."

2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Plaintiff signed a medical waiver in order that the attorney for the Defendants could acquire all of his medical records at the East Mississippi Correctional Facility. A copy of those records, as well as the Plaintiff's jail records, shall be served on the Plaintiff by March 17, 2006.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff requested that the following witness, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter:

> Saul Mata, #83737
> East Mississippi Correctional Facility

The court orders that a subpoena *ad testificandum* issue for this person for the trial of this cause, as long as he is still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or

at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for submitting motions in this matter is March 31, 2006, and the trial of this action will be held during the calendar that begins on July 17, 2006, and ends on July 31, 2006.

IT IS SO ORDERED, this the 31st day of January, 2006.

                                                S/Alfred G. Nicols, Jr.
                                       UNITED STATES MAGISTRATE JUDGE